# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:07cr144 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **KRISHNA MOTE,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### **MEMORANDUM**

Before the court are Defendant Krishna Mote's pre-trial motions (Docs. 602-610). Having been fully briefed, the matters are ripe for disposition.

**Background**

On April 4, 2007, a grand jury sitting in Scranton, Pennsylvania returned a thirteen-count indictment against Defendant Krishna Mote and nine other individuals. The indictment charged the defendants with a conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Each of the individual defendants also faced counts of possession and distribution of that drug in violation of 21 U.S.C. § 841(a)(1). The indictment named defendant here on the conspiracy count and in Count III for possession and distribution.

United States District Judge Sylvia Rambo issued an arrest warrant for the defendant on that day. Officers were unable to execute this warrant for almost three years, however, and defendant did not make his initial appearance until March 15,

2010. (See Doc. 591). On that date, the court appointed an attorney for the defendant, who then pled not guilty. (Doc. 592). On April 5, 2010, defendant filed a series of discovery motions. The government then responded to those motions, bringing the case to its present posture.

**Defendants' Motions**

The court will address each of defendant's motions in turn.

### i. Motion for Disclosure of Exculpatory or Impeaching Evidence (Doc. 602)

Defendant seeks from the government any potentially exculpatory evidence as required by Brady v.Maryland, 373 U.S. 83 (1963) and the cases that followed. The defendant requests a variety of evidence, including: the name and address of every person the government has interviewed in connection with the case, even if that person will not be called at trial; all written statements, transcripts, recordings, and summary notes of oral statements made by these persons; any written or recorded statements from anyone the government does not intend to call at trial, if such statements would be impeaching or potentially exculpatory; any information which could show bias or prejudice on the part of a witness or government agent or prosecutor; any reports, memoranda or public statement which could help impeach a government witness or is otherwise exculpatory; names and addresses of those who could provide testimony or information favorable to defense and a summary of such testimony; any other potentially exculpatory information; evidence that a prospective

2

witness is under investigation for criminal or official misconduct; any relevant information on medical and psychiatric treatment or evaluations of prospective witnesses that would indicate impaired ability to communicate or remember, as well as evidence of narcotic or alcohol abuse by witnesses; information on any promises or grants of immunity, promises or agreements not to prosecute, or sentencing recommendations made to prospective witnesses in exchange for their testimony, and the names and addresses of any such witnesses; any information that would contradict any witness statement possessed by the government; any written or oral statement made by the defendant in the government's possession; any information about an eyewitness the government does not intend to call; any information that would tend to lower or alter the sentencing guidelines as they apply to defendant; information on any cooperating witnesses in the case; information on the agreements made with any cooperating witnesses and on any criminal records for these witnesses; information that would undermine the credibility of such cooperating witnesses; information on the nature of any plea agreements reached with cooperating witnesses; and a variety of information which could be used to undermine the credibility of any witness who testifies

  The United States does not dispute that defendant is entitled to any potentially exculpatory and impeaching information, responding that it is aware of its obligation to provide defendant with any favorable evidence, and promising to provide such evidence if available. In addition, the United States agrees to provide defendant with

3

copies of plea agreements and proffer letters made with cooperating witnesses who will testify at trial, as well as agreements regarding grants of immunity or promises not to prosecute made to witnesses. The government will likewise provide defendant with the prior criminal record of any government witness. The government also agrees to inform defendant of any payments made to any confidential informant in exchange for testifying, and to provide defendant with copies of witness statements for those witnesses it intends to call at trial in conformance with the Jencks Act, 18 U.S.C. § 3500.

The court will the deny the motion as moot without prejudice to the defendant raising the issue later if the defendant finds that specific information has not been provided. The defendant makes a number of very detailed requests for information, and the government has generally agreed to provide information in all of the categories that defendant seeks. So long as defendant receives that information, the government has complied with its obligations to provide potentially exculpatory and impeaching information.

### ii. Discovery of Grand Jury Transcripts (Doc. 603)

Defendant also seeks the discovery of any grand jury transcripts and other grand jury material related to this case. The government acknowledges that it has an obligation to provide the transcripts, and agrees to do so in conformance with the Jencks Act, 18 U.S.C. § 3500, and the Federal Rules of Criminal Procedure. Since–in terms of transcripts–the government has agreed to provide what the

4

defendant requests at an appropriate time, the court will deny the motion as moot without prejudice to the defendant raising the motion again if the government does not comply with its discovery responsibilities.

As part of this motion, defendant also seeks an order from the court allowing inspection of records from the grand jury that indicted him. Among the items the defendant seeks are orders that show the beginning and extension of the grand jury's term; roll sheets that show attendance and juror substitutions; records demonstrating how the grand jury was impaneled; voting records on extending the life of the grand jury; minutes from the testimony taken before the grand jury returned the indictment; the record of the vote to return the indictment against the defendant; documents submitted to the grand jury; information about those who received information from the grand jury; copies of subpoenas issued by the grand jury; and copies of testimony, documents and information considered by the grand jury. The government opposes this motion, arguing that defendant has failed to provide any basis for allowing examination of such records. The defendant does not allege any specific misconduct by prosecutors, and thus is not entitled to examine such records.

"It is settled federal policy that the grand jury system requires secrecy of grand jury proceedings." <u>In re Grand Jury Matter</u>, 682 F.2d 61, 63 (3d Cir. 1982). This policy is "'designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the

5

deliberative process.'" Id. (quoting In re Grand Jury Investigation, 630 F.2d 996, 1000 (3d Cir. 1980)). The purpose of such secrecy, courts have found, is multi-fold:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

United States v. Smith, 123 F.3d 140, 148 (3d Cir. 2002) (quoting Douglas Oil Company v. Petrol Stops Northwest, 441 U.S. 211, 218-19 (1979)).[1]

These interests in secrecy are "reduced," but not "eliminated[,] merely because the grand jury has ended its activities." Id.

A defendant is therefore not automatically entitled to discovery of grand jury proceedings. The federal rules authorize the court, however, to permit disclosure of grand jury matters, "(i) preliminarily or in connection with a judicial proceeding; [and] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P.

---

[1]Other courts have expressed the reasons for secrecy of such proceedings as: "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom of the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." United States v. Kemp, 365 F.Supp.2d 618, 625 (E.D. Pa. 2005)(quoting United States v. Procter & Gamble Co., 356 U.S. 677, 686 n.2 (1958)).

6

6(e)(3)(E)(i-ii). Courts have found that "disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests upon the party seeking disclosure." Douglas Oil, 441 U.S. at 223. To obtain the materials, the party seeking them must show a "particularized need" for their disclosure. United States v. Baggot, 463 U.S. 476, 480 (1983). "Once a party makes the required showing of need, the district court must weigh the competing interests and order so much disclosure as needed for the ends of justice. In undertaking such a determination, the district court 'necessarily is infused with substantial discreation.'" In re Grand Jury Matter, 682 F.2d at 64 (quoting Douglas Oil Co., 441 U.S. at 223).

Defendant seeks a variety of grand jury records beyond the transcripts the government has agreed to provide, such as minutes, voting records on certain matters, and information on decisions to extend the grand jury's term. As grounds for his need to examine this information, defendant contends that those records may contain evidence that would require dismissal of the indictment. Defendant admits that he has no knowledge that this information might contain material that would undermine the indictment, but contends that he cannot know whether grounds exist to examine for such a motion until he examines the material. Moreover, "ministerial" records relating to the process of impaneling and operating the jury are entitled to less protection than other records, and should be released to the defendant.

The court will deny the motion on these grounds. Defendant's argument that

the documents may contain evidence of misconduct or other grounds to dismiss the indictment is unconvincing, since he admits that he has no grounds for such suspicion, only a hope of finding something. That is not a particularized claim of the need for the materials. To allow inspection of the records and violation of the secrecy mandate on those grounds would be to allow any defendant who desired to examine grand jury records without having to satisfy any sort of burden. That the defendant also seeks only ministerial records does not make disclosure necessary. The court is to maintain the secrecy of grand jury proceedings unless defendant meets his burden of showing why the records are necessary to his defense. He has not done so here, and the court will deny the motion. The motion is denied without prejudice to the defendant making a later showing of the necessity for obtaining such materials.

### iii. Motion to Preserve Notes, Reports and Evidence (Doc. 604)

Defendant also requests that the United States preserve any notes made by investigating officers, as well as drafts of any reports, videotapes, computer-generated data, videotapes, audio dispatch tapes and any other physical evidence acquired by the police and drugs. The government reports that it has issued an order to preserve all such materials, though the government disputes whether there is any legal requirement to provide certain of that material to the defendant. Because the government has agreed to preserve the material, the court will deny the motion as moot without prejudice to the defendant raising it again at an appropriate

time, and decline to rule on the issue of whether the government must turn over rough notes of the investigation until the issue is properly before the court.

### iv. Motion to Produce and Preserve Tapes of Police Interviews (Doc. 605)

The defendant seeks an order from the court requiring the government to produce and preserve any tapes of interviews taken by investigators in this case, whether from federal, state or local agencies. The United States responds that it has no knowledge that such tapes exist, but will provide them if they are discovered. The court will therefore deny this motion as moot without prejudice to defendant re-raising the issue at an appropriate time.

### v. Early Disclosure of Jencks Material (Doc. 606)

The defendant seeks disclosure of Jencks Act material prior to the date specified under the act and earlier than the usual practice of the government, which is to provide the statements of and other materials in the government's possession related to a witness who testifies three days before the trial begins. Defendant seeks this material, which he contends could be voluminous, thirty days before trial. The government opposes this motion, arguing that courts have consistently found that the court may not order disclosure prior to the date required under the Act if the government objects, as it does here.

The Jencks Act provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which

9

was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). After the witness testifies, the act authorizes the defendant to move for production of "any statement . . . of the witness in possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). As such, "[d]isclosure by the government of Jencks statements is mandatory if the defendant makes a timely motion." United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992). Still, the court cannot compel their disclosure until after that witness testifies at trial, though the Third Circuit Court of Appeals has "encourage[d]" a practice among United States Attorneys of "delivering Jencks material to defense counsel sufficiently in advance of the conclusion of direct examination to obviate trial interruptions solely to permit defense counsel to study the disclosures." United States v. Murphy, 569 F.2d 771, 773 n.5, 774 (3d Cir. 1978).

Plainly, then, the law does not compel the United States to provide Jencks-Act materials to the defendant before the witness in question testifies. The government has not indicated a willingness to provide early disclosure, and cannot be forced to do so. At the same time, however, the court agrees with the defendant that disclosure of this material more than three days before trial would better allow the defendant to assert his case in court. Since the purpose of such disclosures is to

ensure the fundamental fairness of the trial, the court would encourage the government to provide that information at the earliest possible date. Moreover, the trial will proceed in a more efficient manner if the defendant has this information.

### vi. Information Pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B) (Doc. 607)

Pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), defendant seeks notice from the government of its intention to use any evidence to which he may be entitled to discovery under Federal Rule of Criminal Procedure 16. Federal Rule 12(b)(4)(B) provides that "[a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in -chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B). The government has not responded to this motion, though the prosecution has acknowledged its responsibility to turn over all information required by Rule 16.

The court will deny this motion as moot. The government has related to the court that it will provide defendant with an opportunity to review evidence against him which could be used at trial. The purpose of Rule 12(b)(4)(B) is to provide defendant with an opportunity to challenge the admissibility of evidence discoverable under Rule 16. By giving defendant an opportunity to review this evidence, the government has effectively provided notice to defendant of evidence that may be subject to a

11

motion to suppress. This motion will be denied without prejudice, however, to defendant raising it again under appropriate circumstances.

### vii. Disclosure under Rule 404(b) and 609 (Doc. 608)

The defendant seeks disclosure from the government of: any evidence of prior or subsequent criminal conduct and/or bad acts not charged in the indictment that the prosecution intends to introduce; any evidence the government plans to introduce pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; and any such "bad acts" evidence the government intends to introduce against any person charged in the indictment. The government agrees to provide defense counsel with Mote's prior record and avers that the prosecution will use all evidence, including prior bad acts or crimes, permitted under the Federal Rules of Criminal Procedure.

As the government has agreed to comply with defendant's request, the court will deny the motion as moot without prejudice to the defendant raising the issue again at an appropriate time.

### viii. Disclosure under Rule 807 (Doc. 609)

The defendant seeks disclosure from the government of any hearsay statement that the prosecution seeks to introduce that is not covered by one of the exceptions provided in Federal Rules of Evidence 803 and 804 but which the

prosecution intends to introduce pursuant to Federal Rule of Evidence 807.[2] The government agrees to provide defendant with copies of such statements under the rules provided by the Jencks Act. Since the government has agreed to provide the requested material, the court will deny the motion as moot without prejudice to the defendant re-raising the issue at an appropriate time.

### ix. Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16 (Doc. 610)

Defendant seeks all information entitled them under Federal Rule of Criminal Procedure 16, including any statements of the defendant, information on his prior records, any documents and tangible objects in the government's possession or control which would be material to the preparation of defendant's case or intended by the government for use at trial, any reports of physical or mental examinations and tests and the names of experts the government intends to call at trial.

The government represents that it will hold a discovery conference with the defendant where defendant will be permitted to inspect all physical evidence, and

---

[2]Federal Rule of Evidence 807 provides: "A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant." FED. R. EVID. 807.

promises to provide the identities and credentials of all expert witnesses that will be called at trial. These witnesses will be limited to experts on drug trafficking. The government also agrees to provide any lab reports, search warrants and photographs available in the case. Because the government has agreed to provide all information requested under this rule, the court will deny the motion as moot without prejudice to defendant again raising the issue at an appropriate time.

**Conclusion**

For the reasons stated above, the court will deny the defendant's motions without prejudice to him raising them at an appropriate time. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:07cr144 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **KRISHNA MOTE,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 10th day of June, 2010, defendant's pre-trial motions (Docs. 602, 603, 604, 605, 606, 607, 608, 609 and 610) are hereby **DENIED** without prejudice to defendant re-raising them at an appropriate time.

                                                         **BY THE COURT:**

                                                         **s/ James M. Munley**
                                                         **JUDGE JAMES M. MUNLEY**
                                                         **United States District Court**